GARY NAIMO, Appellant, *v.* CHARLES H. FLEMING, Jr., RALPH T. COPPOLA, ST. MARY'S HOSPITAL, Respondents.

No. 9599

January 12, 1979                    588 P.2d 1025

*David Hamilton,* Reno, and *Edward Friedberg,* Sacramento, California, for Appellant.

*Erickson, Thorpe & Swainston; Wait, Shamberger, Georgeson & McQuaid;* and *Gary G. Bullis,* Reno, for Respondents.

## OPINION

*Per Curiam:*

A complaint against respondents was filed on behalf of appellant on November 1, 1974. The complaint was signed by appellant's out-of-state counsel, who did not include his address thereon. It was not signed by appellant, or by an active member of the State Bar of Nevada, as required by NRCP 11, SCR 42, and DCR 30.[1]

More than eighteen months later, a "First Amended Complaint", signed by Nevada counsel, was filed, and respondents learned for the first time of the pendency of this cause of action against them.

The district court found that "plaintiff's California counsel and/or the plaintiff deliberately violated NRCP 11, Supreme Court Rule 42, and District Court Rule 30 in an effort to keep their lawsuit viable but avoid the cost of associating Nevada counsel." The court accordingly dismissed appellant's complaint.[2] Appellant subsequently moved to "modify or amend"

---

[1]NRCP 11 provides, in pertinent part:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. . . ."

SCR 42(1) provides that an out-of-state attorney may be permitted to appear in the courts of this state "provided that an active member of the State Bar of Nevada is associated as counsel of record".

DCR 30 provides:

"Unless appearing by an attorney regularly admitted to practice law in Nevada and in good standing, no entry of appearance or initial pleading purporting to be signed by any party to an action shall be recognized or given any force or effect by any district court unless the same shall be acknowledged by the party signing the same before a notary public or some other officer having a seal and authorized by law to administer oaths."

[2]Dismissal of the complaint was further predicated upon the court's finding that the statute of limitations had run against appellant prior to the filing of the first amended complaint. We will not consider appellant's argument, raised for the first time on this appeal, that the statute had not so run. Central Bank v. Baldwin, 94 Nev. 581, 583 P.2d 1087 (1978).

the order, based primarily upon the affidavit of his out-of-state counsel that the lack of local counsel, and the eighteen months delay, were occasioned by ignorance, and by efforts expended "investigating the merits of the action".

The district court had discretion, under NRCP 11, to strike any pleading "not signed or . . . signed with intent to defeat the purpose of this rule." The rule further provides that the signature of an attorney constitutes a certificate by him that "to the best of his knowledge, information and belief, there is good ground to support it; and that it is not interposed for delay."

Under the circumstances presented here, there was ample basis for the trial court's conclusion that there had been a deliberate violation of the rules cited. The affidavit of appellant's out-of-state counsel only lends further support for the conclusion that the court acted in accordance with the spirit and purpose of NRCP 11.

Finding no abuse of discretion, we accordingly affirm.[3]

---

[3]Mr. Justice Thompson voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated District Judge Michael E. Fondi to sit in his stead.