FORD MOTOR CREDIT COMPANY AND HIGHER EDUCATION ASSISTANCE FOUNDATION, APPELLANTS, *v.* DOUGLAS CRAWFORD AND ALL DEFENDANTS IN CONSOLIDATED CASES, RESPONDENTS.

No. 23396

July 8, 1993                                    855 P.2d 1024

---

[2]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.

[3]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const., art. 6, § 4.

*Wells, Kravitz, Schnitzer & Sloane,* Las Vegas, for Appellant Ford Motor Credit Company.

*Jones, Jones, Close & Brown,* and *Julien G. Sourwine,* Reno, for Appellant Higher Education Assistance Foundation.

*Douglas Crawford,* In Proper Person, for Respondent Douglas Crawford.

*Frankie Sue Del Papa,* Attorney General, and *Brooke A. Nielsen,* Assistant Attorney General, Carson City, for Amicus Curiae.

## OPINION

*Per Curiam:*

Ford Motor Credit Company ("Ford") provides credit to purchasers of Ford Motor Company automobiles. Higher Education Assistance Foundation ("HEAF") is a guarantor of student loans. Ford and HEAF are collectively referred to as "Appellants." Appellants retained the Salt Lake City, Utah, law firm of Richards, Biesinger, Wolfert & Neff to prosecute their collection matters. That firm wished to expand its practice into Nevada. To that end, attorneys Biesinger and Neff became licensed to practice law in Nevada. To permit the firm to handle Appellants' Nevada collection matters, Richards, Biesinger, Wolfert & Neff associ-

ated the Las Vegas law firm of Callister & Reynolds as required by SCR 42(10).

Richards, Biesinger, Wolfert & Neff dissolved, and Biesinger and Neff began handling Appellants' collection matters. Biesinger and Neff, however, never entered into an agreement with Callister & Reynolds or with any other Nevada attorney. They did, however, continue to represent that they were associated with Callister & Reynolds. Callister & Reynolds requested Biesinger and Neff to cease this practice.

Biesinger and Neff filed ninety-two actions in the Second Judicial District Court, eighty-nine on behalf of Ford and three on behalf of HEAF.[1] Four of Ford's cases settled. The district court granted default judgment for Ford in twenty-three cases. Twenty-four cases were dismissed for failure to effect service of process in accordance with NRCP 4(i). Forty cases were dismissed for violations of NRCP 16.1. Following dismissal of these cases, the district court learned that Biesinger and Neff had violated SCR 42(10)[2] in all ninety-two cases. Judge Handelsman consolidated all ninety-two cases and directed Judge Adams to determine whether sanctions should be imposed.

Judge Adams concluded that the high number of actions dismissed for NRCP violations should have alerted Ford of its counsel's misconduct. In addition, Judge Adams found incredible an assertion by HEAF that it was unaware that Biesinger and Neff had prosecuted the actions.[3] In a thirteen-page decision, Judge Adams ordered, *inter alia,* that:

> (1) All complaints and other pleadings in all ninety-two consolidated cases be stricken;

---

[1]Biesinger and Neff filed over thirty cases in the Eighth Judicial District Court, two in the First Judicial District Court, and one in the Sixth Judicial District Court. The present appeal only relates to the ninety-two cases filed in the Second Judicial District Court.

[2]SCR 42(10) provides:

> An attorney admitted to practice in Nevada but who does not maintain an office in Nevada shall, on filing any pleadings in the courts of Nevada, either associate an attorney maintaining an office in Nevada, or designate an attorney maintaining an office in the county in Nevada wherein the pleading or paper is filed, upon whom all papers, process or pleadings required to be served upon an attorney may be so served. A post office box shall not constitute an office under this rule. The name and office address of such attorney so designated shall be endorsed upon the pleading or paper so filed, and service upon such attorney shall be deemed to be service upon the attorney filing the pleading or other paper.

[3]HEAF had turned its cases over to the American Association of Creditor Attorneys, which in turn forwarded the cases to Biesinger and Neff, purportedly without HEAF's knowledge.

(2) all prior judgments in any related case be set aside and declared void *ab initio;*

(3) all property recovered or received by Ford or HEAF be returned with interest to each defendant;

(4) Ford, Biesinger and Neff, jointly and severally, be sanctioned in the amount of $1,500 for each of the eighty-nine actions ($133,500) which Biesinger and Neff prosecuted on behalf of Ford, to be paid to the Washoe County Law Library; and

(5) HEAF, Biesinger and Neff, jointly and severally, be sanctioned in the amount of $1,500 for each of the three actions ($4,500) which Biesinger and Neff prosecuted on behalf of HEAF to be paid to the Washoe County Law Library.

On appeal, Appellants argue, *inter alia,* that the district court's imposition of NRCP 11 sanctions was inappropriate. Having carefully considered Appellants' contentions, we conclude that on the facts before us, the district court abused its discretion in imposing NRCP 11 sanctions upon Ford and HEAF.

## DISCUSSION

NRCP 11 provides:

Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper, and state his address and shall acknowledge his pleading. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by that attorney or party that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information and belief, formed after reasonable inquiry under the circumstances obtaining at the time of signature, that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own

initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney fee.

In reliance upon Naimo v. Fleming, 95 Nev. 13, 588 P.2d 1025 (1979), the district court concluded that a violation of SCR 42(10) may result in NRCP 11 sanctions. In *Naimo,* appellant filed in Nevada district court a complaint signed by his nonresident counsel; the complaint was not signed by appellant or by an active member of the State Bar of Nevada as required by SCR 42.[4] Eighteen months later appellant filed an amended complaint signed by Nevada counsel. Respondent's first notice of the action came via the amended complaint.

The district court found that appellant's counsel had deliberately violated NRCP 11 and SCR 42 "in an effort to keep their lawsuit viable but avoid the cost of associating Nevada counsel." *Naimo,* 95 Nev. at 14, 588 P.2d at 1026. The district court concluded that NRCP 11 sanctions were appropriate because appellant filed the initial complaint for the purpose of delay. Accordingly, the district court dismissed appellant's complaint. *Id.* at 14-15, 588 P.2d at 1026. We affirmed, concluding that the "district court had discretion, under NRCP 11, to strike any pleading 'not signed or . . . signed with intent to defeat the purpose of this rule.'" *Id.* at 15, 588 P.2d at 1027 (alteration in original).

. We approved NRCP 11 sanctions in *Naimo* not because of the SCR 42 violation, but rather because the pleadings were not signed in accordance with NRCP 11. We expressly noted that "the signature of an attorney constitutes a certificate by him that 'to the best of his knowledge, information and belief, there is good ground to support it; and that [the pleading] is not interposed for delay.'" *Id.* Because appellant had interposed the complaint for delay, NRCP 11 sanctions were appropriate.

The instant case is distinguishable. Here the district court found that Biesinger and Neff had violated SCR 42(10) at least ninety-two times. The court did not, however, find a violation of NRCP 11. Nonetheless, the district court utilized NRCP 11 as a mechanism to impose sanctions.

---

[4]SCR 42(1) then provided "that an out-of-state attorney may be permitted to appear in the courts of this state 'provided that an active member of the State Bar of Nevada is associated as counsel of record.'" *Naimo,* 95 Nev. at 14 n.1, 588 P.2d at 1026 n.1.

NRCP 11 is not implicated by a violation of other rules unless the violation of such other rule also constitutes a violation of NRCP 11. Simplistically, NRCP 11 provides that the person signing the pleading: (1) certifies that he has read the paper; (2) that to the best of his knowledge, information or belief, formed after a reasonable inquiry, the paper is well grounded in fact; and (3) that the paper is not interposed for any improper purpose. NRCP 11 is implicated and sanctions are appropriate only if the paper is signed in violation of *NRCP 11;* NRCP 11 may not be used to impose sanctions for violations of other rules.

The district court concluded that Biesinger and Neff violated SCR 42(10). Violation of a Supreme Court Rule is misconduct which may provide for discipline: "Conviction of a crime or acts or omissions by an attorney . . . which violate the rules of this court are misconduct and constitute grounds for discipline." SCR 101. SCR 102 enumerates a variety of discipline which courts may impose for attorney misconduct and includes, among others, disbarment, suspension, reprimand and fine.[5] Absent from SCR 102's arsenal are NRCP 11 sanctions. Accordingly, absent a finding that Biesinger and Neff violated NRCP 11, sanctions under that rule are inappropriate. Because the district court imposed sanctions upon Appellants due to violations of SCR 42(10) and not due to violations of NRCP 11, the sanctions cannot stand and are therefore reversed.[6]

---

[5]*See also* State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984) (violation of court rules may be punished by striking of briefs, dismissing an appeal and/or finding a confession of error).

[6]We have carefully considered the other issues raised on appeal and conclude that they need not be addressed given our disposition of this matter.