# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOLM INTERNATIONAL PROPERTIES, LLC, A UTAH LIMITED LIABILITY COMPANY REGISTERED AS A FOREIGN LIMITED LIABILITY IN NEVADA,<br>Appellant,<br>vs.<br>PACIFIC LEGENDS EAST CONDOMINIUM ASSOCIATION, A NEVADA DOMESTIC NON-PROFIT CORPORATION,<br>Respondent. | No. 68726<br><br>**FILED**<br><br>MAR 17 2017 |

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant's complaint and motion practice demonstrated that appellant was seeking the return of its purchase price from respondent in the event that the district court invalidated the foreclosure sale, as allowing respondent to retain the purchase price would be unjust. Thus, although we recognize that appellant did not label any of its claims as such, we conclude that the facts alleged in appellant's complaint appear to state a viable claim for unjust enrichment against respondent.[1] *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (setting forth the elements of an unjust enrichment claim); *see also Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev.

___

[1]Respondent's suggestion that it received only a portion of the purchase price does not change this conclusion.

 

17-09066

799, 809, 312 P.3d 491, 498 (2013) ("[T]his court has consistently analyzed a claim according to its substance, rather than its label.").[2] Accordingly, dismissal under NRCP 12(b)(5) was improper.[3] *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (reviewing an NRCP 12(b)(5) dismissal de novo and recognizing that dismissal is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"). We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

---

[2]Because appellant alleged a viable claim for unjust enrichment and reversal is warranted on that basis, we decline to consider whether dismissal was proper as to the labeled claims in appellant's complaint. This disposition should not be construed as precluding respondent from re-arguing that those claims or any other claims fail as a matter of law.

[3]We note that this court has contemporaneously reversed the district court's ruling in Docket No. 68725, which temporarily renders moot the issues raised in this appeal. Nevertheless, we address the merits of this appeal because the district court may find other grounds for invalidating the sale on remand, in which case appellant would be in the same position as it was when the district court initially dismissed its complaint against respondent.

cc: Hon. Ronald J. Israel, District Judge
Mortenson & Rafie, LLP
Lipson Neilson Cole Seltzer & Garin, P.C.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A