# IN THE SUPREME COURT OF THE STATE OF NEVADA

LENNOX INDUSTRIES, INC., AN
IOWA CORPORATION REGISTERED
IN NEVADA,
Appellant,
vs.
ASPEN MANUFACTURING, INC., A
NEVADA CORPORATION,
Respondent.

No. 72125

FILED

APR 24 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order, certified as final pursuant to NRCP 54(b), granting respondent's motion for summary judgment in a multi-party construction defect action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant initially asserted ten causes of action against respondent in its cross-claim related to a construction defect action. Pursuant to stipulation, two claims for express contractual indemnity were dismissed without prejudice. The district court subsequently granted respondent's motion for determination of good-faith settlement and ordered that claims against respondent for contribution and equitable or implied indemnity be extinguished. The district court then allowed appellant the opportunity to amend the complaint and add one claim against respondent based on Texas law. When appellant moved to reassert the two claims for express contractual indemnity, the district court denied the motion. Ultimately, the district court granted respondent's motion for summary

18-15575

judgment after concluding that Texas law should not apply to the relationship between appellant and respondent.

Appellant claims the district court erred when it granted respondent's motion for summary judgment because it overlooked defects in the motion and conducted an improper choice-of-law analysis that was erroneously treated as law of the case. We disagree. Additionally, appellant claims the district court erred in denying appellant leave to amend its cross-claims and reassert the two claims related to express contractual indemnity. We agree and remand for further proceedings.

*Motion for summary judgment*

First, appellant argues that respondent's motion for summary judgment did not comply with NRCP 56(c). Specifically, appellant claims that the motion did not contain a concise statement of material facts which were or were not genuinely at issue and that appellant was not aware the motion would be treated as one for summary judgment until the hearing, thereby depriving appellant of notice and an opportunity to present material facts at issue. Because the motion was titled in the alternative, motion to dismiss *or* motion for summary judgment, appellant had notice that respondent sought summary judgment. As to a statement of undisputed facts, appellant acknowledges that such a statement was included in respondent's reply. Appellant fails to demonstrate that, because the undisputed facts were included in the reply to the motion, the district court could not consider the summary judgment motion. Rather, caselaw regarding NRCP 56 makes it clear that, while this court is concerned with parties complying with the rule's requirements, the controlling concern is for notice and an opportunity to be heard, both of which were provided to appellant. *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 621 n.26, 173

SUPREME COURT
OF
NEVADA


(O) 1947A



P.3d 707, 712 n.26 (2007) (summarizing NRCP 56(c) procedural requirements as "the service of a motion, a response, and a minimum amount of time that must pass before a hearing on that motion can be conducted"); *Soebbing v. Carpet Barn, Inc.*, 109 Nev. 78, 83-84, 847 P.2d 731, 735 (1993) (stating a district court cannot sua sponte enter summary judgment until notice and a reasonable opportunity to be heard has been given). Here, the district court allowed both parties to file supplemental briefing on the motion. At the hearing on the motion, the district court confirmed that appellant had an opportunity to respond to the motion. We conclude the district court did not err when it considered respondent's alternative motion for summary judgment because the required facts were included and appellant had an opportunity to respond and be heard in opposition.

Second, appellant argues that the district court conducted an improper choice-of-law analysis in granting summary judgment for the one remaining claim, which was premised on Texas law. Appellant claims the district court erroneously concluded there had to be an express agreement between the parties stating Texas law would apply in order for appellant's claim to be viable.

The district court initially observed that the location of the project, the homeowners, the action, and the homes were all in Nevada and questioned whether another state's law should be used in determining rights in Nevada. The district court, thus, determined that Nevada law applied based on the most significant relationship test, as provided in the Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971). *See generally General Motors Corp. v. Eighth Judicial Dist. Court*, 122 Nev. 466, 134 P.3d 111 (2006) (adopting the most significant relationship test of the

Restatement (Second) of Conflict of Laws for choice-of-law analyses). However, it allowed appellant the opportunity to conduct discovery and demonstrate that Texas law should apply based upon an express agreement between the parties. While the district court's analysis was not incredibly detailed regarding the most significant relationship test, we conclude the district court reached the correct result in finding that, absent an express agreement to the contrary, Nevada law should apply given the specific circumstances of the case. *See Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 48, 223 P.3d 332, 336 (2010) (affirming a flawed choice-of-law analysis where the district court's ultimate determination was correct).

Additionally, appellant claims that a subsequent judge erroneously relied on the above choice-of-law analysis as law of the case. In granting summary judgment, the subsequent judge outlined her own conclusions of law, including the conclusion that Texas law should not apply based on *General Motors Corp.* and the Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971). At the hearing on the motion for summary judgment, the subsequent judge referenced the above choice-of-law analysis as well as the copious amount of briefing on the issue before concluding that it was not appropriate to utilize Texas law. Therefore, the district court conducted its own analysis in concluding Texas law should not apply, and we find no error.

Considering all of the above, we conclude that there is no genuine issue of material fact regarding the application of Texas law in this matter and therefore that respondent is entitled to judgment as a matter of law as to appellant's remaining claim, which was premised on Texas law. *See Yeager v. Harrah's Club, Inc.*, 111 Nev. 830, 833, 897 P.2d 1093, 1094 (1995) (holding that "[t]his court's review of a summary judgment order is

de novo," and "the essential question on appeal is whether genuine issues of material fact were created by pleadings and proof offered"). Accordingly, we affirm the district court's order of summary judgment as to this claim.

*Motion to amend*

Leave to amend a complaint "shall be freely given when justice so requires." NRCP 15(a). "The liberality embodied in NRCP 15(a) requires courts to err on the side of caution and permit amendments that appear arguable or even borderline, because denial of a proposed pleading amendment amounts to denial of the opportunity to explore any potential merit it might have had." *Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 292, 357 P.3d 966, 975 (Ct. App. 2015). A court should not grant leave to amend "if the proposed amendment would be futile." *Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013). "A proposed amendment may be deemed futile if the plaintiff seeks to amend the complaint in order to plead an impermissible claim, such as one which would not survive a motion to dismiss under NRCP 12(b)(5) or a last-second amendment[ ] alleging meritless claims in an attempt to save a case from summary judgment." *Nutton*, 131 Nev. at 289, 357 P.3d at 973 (alteration in original) (internal quotation marks omitted). This court reviews the denial of a motion for leave to amend for an abuse of discretion. *See Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993).

The district court denied appellant's motion to amend and reassert the two express contractual indemnity claims after it determined that the two claims had previously been dismissed by the order granting respondent's motion for determination of good-faith settlement and that reasserting the claims would be futile.

Appellant initially alleged ten causes of action in its cross-claim; the two express contractual indemnity claims were dismissed pursuant to stipulation, and the district court subsequently ordered that any claims for contribution and equitable or implied indemnity be extinguished due to respondent's good-faith settlement determination. *See* NRS 17.245(1). First, it is not clear that the district court's order granting the good-faith settlement determination contemplated the two express contractual indemnity claims, as those claims were not a part of the cross-claim at that juncture.[1] Second, the only analysis that can be gleaned from the record for the dismissal of the two express contractual indemnity claims is the district court's reliance on *Otak Nevada, LLC v. Eighth Judicial District Court*, 129 Nev. 799, 312 P.3d 491 (2013). *Otak* holds that a claim must be examined independent of its titling to determine whether it is one for contribution or equitable indemnity and whether it is therefore barred after a good-faith settlement pursuant to NRS 17.245(1)(b). *See id.* at 808-11, 312 P.3d at 498-500. The court explicitly "d[id] not reach the issue of whether NRS 17.245(1)(b) bars claims for *contractual indemnity*," but rather examined the contractual provision at issue and concluded the clause was one of contribution, disallowed by the statute, and not one of indemnity, as titled. *Id.* at 811 & n.10, 312 P.3d at 500 & n.10 (emphasis added). Here, there is no evidence the district court ever performed such an examination;

---

[1]We find no merit in the argument that appellant failed to "carve out" an exception for its two express contractual indemnity claims. It is clear from the stipulation to dismiss the two claims that appellant intended to reassert the claims if and when it obtained evidentiary support. That appellant did not specifically state on the record when the district court extinguished other causes of action that it continued to reserve the right to reassert the two express contractual indemnity claims did not render the claims futile or otherwise serve as a reason to deny the motion to amend.

rather, the district court merely concluded that appellant's causes of action were "derivative of getting more money from [respondent]." Thus, the record is devoid of an *Otak* analysis warranting dismissal of the two claims.

Regarding the alleged futility of the claims, it appears from the record that, because of the denial of appellant's motion to amend and reassert the two express contractual indemnity claims, discovery, argument, and summary judgment may have been limited to whether there was a contract *with an express choice-of-law provision.* The question of whether there was *any* contractual relationship between the parties containing language regarding indemnification was not explicitly addressed. Any finding by the district court that a contract did not exist was inextricably intertwined with its finding that there was no express agreement that Texas law would govern the parties. The district court concluded that there was no new evidence, facts, or law to support the finding of a contract between the parties *with a choice-of-law provision.* Thus, the district court's findings are clear that it found no contract existed with a choice-of-law provision. It is less clear whether the district court ultimately found there was no contractual relationship of any kind between the parties that could have supported the two express contractual indemnity claims. Without such a clear finding, it is not evident that the amendment of appellant's cross-claims to reassert the two express contractual indemnity claims would have been futile.

Based on the above, we conclude it was an abuse of discretion for the district court to deny appellant's motion to amend. Thus, on remand, the district court shall allow appellant the opportunity to amend the complaint to reassert the two express contractual indemnity claims against respondent. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Joanna Kishner, District Judge
       Lansford W. Levitt, Settlement Judge
       Fennemore Craig, P.C./Las Vegas
       Spencer Fane LLP/Scottsdale
       Spencer Fane LLP/Las Vegas
       Cooper Levenson, P.A.
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A