IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATION OF THE SSJ'S ISSUE TRUST, | No. 81470 |

IN THE MATTER OF THE
ADMINISTRATION OF THE SAMUEL
S. JAKSICK, JR. FAMILY TRUST.



FILED

JUN 22 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

TODD B. JAKSICK, INDIVIDUALLY
AND AS CO-TRUSTEE OF THE
SAMUEL S. JAKSICK, JR. FAMILY
TRUST, AND AS TRUSTEE OF THE
SSJ'S ISSUE TRUST; MICHAEL S.
KIMMEL, INDIVIDUALLY AND AS CO-
TRUSTEE OF THE SAMUEL S.
JAKSICK, JR. FAMILY TRUST; KEVIN
RILEY, INDIVIDUALLY AND AS
FORMER TRUSTEE OF THE SAMUEL
S. JAKSICK, JR. FAMILY TRUST, AND
AS TRUSTEE OF THE WENDY A.
JAKSICK 2012 BHC FAMILY TRUST;
AND STANLEY JAKSICK,
INDIVIDUALLY AND AS CO-TRUSTEE
OF THE SAMUEL S. JAKSICK, JR.
FAMILY TRUST,
Appellants/Cross-Respondents,
vs.
WENDY JAKSICK,
Respondent/Cross-Appellant.

## *ORDER OF AFFIRMANCE*

This is an appeal and cross-appeal in a trust matter. Second
Judicial District Court, Washoe County; David A. Hardy, Judge.[1]

---

[1]The Honorable James W. Hardesty, Justice, voluntarily recused
himself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-19689

Samuel S. Jaksick (Sam) established two trusts—the Samuel S. Jaksick Jr. Family Trust and the Issue Trust—for the benefit of his three children: Todd, Stanley (Stan), and Wendy. Todd and Stan (appellants and cross-respondents) serve as co-trustees of the Family Trust. Michael S. Kimmel (appellant and cross-respondent) is the other co-trustee for the Family Trust, having replaced Kevin Riley (appellant and cross-respondent), who temporarily served in that capacity following Sam's death. Todd is the sole trustee for the Issue Trust. Wendy (respondent and cross-appellant) is not a trustee. After Sam's death, disputes arose among the three siblings regarding the trusts' administration. Consequently, Todd and Kimmel petitioned to approve accountings for the Family Trust and to approve multiple agreements. Todd filed a separate petition seeking the same relief for the Issue Trust. Wendy filed objections and counter-petitions against Todd, Kimmel, and Riley (collectively, the Trustees) in their capacities as trustees and individuals, and against Stan in his capacity as trustee. Stan also filed objections against Todd, and Todd filed a counter-petition against Stan.

The district court bifurcated the proceedings and held a jury trial on the legal claims and a bench trial on the equitable claims. Just before the jury trial, Stan and Todd settled their dispute, leaving only Wendy against Todd, Kimmel, and Riley. During the jury trial, the district court denied Wendy's motion to admit Stan's and Todd's settlement agreement into evidence. The jury generally found for Todd in his individual capacity and the other trustees in their capacities as individuals and trustees but found for Wendy on her breach of fiduciary duties claim against Todd as trustee for both trusts. The jury awarded Wendy $15,000 in damages for Todd's breach. The parties stipulated to allowing the district court to determine their equitable claims through submitted briefs in addition to the jury trial exhibits. The court entered an order after the

SUPREME COURT
OF
NEVADA

(O) 1947A

equitable trial declining to confirm the accountings or agreements; disgorging Todd of his trustee fees; ordering the trusts to pay the Trustees' attorney fees but requiring Todd to reimburse the trusts for 25 percent of those fees; denying Kimmel's and Riley's requests for costs (in either capacity) and attorney fees in their individual capacities; and awarding Wendy $300,000 in attorney fees. The Trustees, Todd, and Stan appealed, and Wendy filed a cross-appeal. We begin by addressing Wendy's arguments, after which we address the Trustees' and Todd's arguments.[2]

*Wendy's arguments*

Wendy first argues that the district court abused its discretion by relying on the jury verdict as a basis to deny some of her equitable claims. We review a district court's decision to grant equitable relief for an abuse of discretion. *Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010). A district court abuses its discretion if its "decision is not supported by substantial evidence," which is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev. 799, 805, 312 P.3d 491, 496 (2013) (internal quotation marks omitted).

The record shows that the district court carefully considered over 17,000 pages of information to resolve this two-year case and independently evaluated the evidence when ruling on Wendy's equitable claims. Although the district court made several rulings in Wendy's favor, such as declaring that she did not violate the no-contest provision, disgorging Todd of his trustee fees, and granting her attorney fees, it also expressly found that Wendy was overly zealous and appeared driven by greed and an inflated sense of entitlement. We have carefully reviewed the

---

[2]Stan only challenges Wendy's attorney fees award on appeal. We consider his arguments along with the Trustees' arguments on that issue.

record and conclude the district court's decision not to award Wendy further equitable relief is supported by substantial evidence, which shows Wendy's requested damages were an overreach in light of the amount awarded by the jury and the value of the trusts' res. We therefore conclude that the district court correctly relied on the underlying basis for the jury's verdict in denying some of Wendy's claims for equitable relief.

Wendy next argues that the district court abused its discretion by not further continuing the trial to permit her to conduct additional discovery.[3] "We review the district court's decision on a motion for continuance for an abuse of discretion." *Bongiovi v. Sullivan*, 122 Nev. 556, 570, 138 P.3d 433, 444 (2006). The district court delayed the trial for about nine days to allow Wendy to review new discovery documents, and Wendy additionally had the duration of the jury trial to review the discovery and prepare for the equitable trial held three months later. Wendy does not explain how the continuance or additional discovery would have made a difference in the jury's verdict. Moreover, the record demonstrates that Wendy engaged in dilatory discovery tactics, and this supports the district court's determination that a trial continuance was not warranted. *See* NRS 16.010 (explaining a party's failure to diligently procure discovery will weigh against granting that party's motion for a continuance). Thus, we conclude that the district court did not abuse its discretion on this issue.[4]

---

[3]Wendy also asserts that a longer continuance was warranted because Todd and Stan settled just before trial. However, Wendy does not cogently argue this position and we decline to address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that we need not consider issues not adequately briefed, not supported by relevant authority, and not cogently argued).

[4]We are not persuaded by Wendy's arguments regarding the late production of records, and we note Wendy had a sufficient amount of time

Lastly, Wendy argues that the district court abused its discretion by awarding costs and attorney fees to Todd in his individual capacity.[5] We review an award of attorney fees and costs for an abuse of discretion. *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 244, 416 P.3d 249, 258 (2018). Costs must be given to the prevailing party in an action for money or damages where the plaintiff seeks more than $2,500. NRS 18.020(3). Where a party makes an offer of judgment, and the offeree rejects the offer and thereafter fails to obtain a more favorable judgment at trial, the offeree must pay reasonable attorney fees, if allowed, incurred from the time of the offer. NRCP 68(f)(1)(B). To award fees "[u]nder NRCP 68, the district court must first consider the *Beattie* factors," and if attorney fees are warranted under *Beattie*, the court must also consider the *Brunzell* factors to determine whether the requested amount is reasonable and justified. *Peppermill*, 134 Nev at 245, 416 P.3d at 258.

We determine that costs were properly awarded because Todd in his individual capacity made an offer of judgment for $25,000 that Wendy rejected, the jury thereafter found in favor of Todd individually, Wendy failed to obtain a more favorable judgment against Todd individually at trial, and Todd individually was a prevailing party entitled to his reasonable costs pursuant to NRCP 68(f). We further conclude that the district court's findings on the *Beattie* and *Brunzell* factors are supported by the record. Thus, we conclude that the district court did not abuse its

_____

to prepare for the bifurcated equitable bench trial despite the late production.

[5]We are not persuaded by Wendy's argument that the settlement agreement should have been admitted during the jury trial. *See Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 844, 102 P.3d 52, 67 (2004) ("[I]n order to prevent improper speculation by the jury, the parties may not inform the jury as to either the existence of a settlement or the sum paid.").

discretion by awarding Todd, in his individual capacity, attorney fees and costs.[6]

*Trustees' arguments*

The Trustees argue that the district court abused its discretion by denying each of Riley's and Kimmel's requests for costs and attorney fees. We disagree. An attorney fees award under NRS 18.010(2)(b) or NRS 7.085 was not warranted because the record shows that Wendy's claims against Riley and Kimmel as individuals were not unreasonable, groundless, or brought to harass the trustees. The record demonstrates there were problems with the trust accountings and that it was not clear who of the Trustees was responsible for the poor preparation and upkeep of the trust accountings. Moreover, because the district court ordered the trusts to pay all of the fees incurred for the trustees' representation in this action, it follows that unless Kimmel and Riley point to additional attorney fees the trusts had not previously been ordered to pay, there were no further fees to award. But Kimmel and Riley did not delineate any such fees below nor argue on appeal that any such fees exist.

Regarding costs, the district court awarded costs to Todd as an individual and later concluded that Kimmel and Riley were not similarly entitled to a costs award (in either capacity) where their representations in both capacities overlapped with Todd's. Where there are multiple prevailing defendants, the district court must attempt to apportion the costs and, if it cannot do so, it must make specific findings as to why apportionment is impracticable. *See Detwiler v. Eighth Judicial Dist. Court*, 137 Nev. 202, 213, 486 P.3d 710, 720 (2021); *Mayfield v. Koroghli*, 124 Nev. 343, 353, 184 P.3d 362, 368-69 (2008). The record shows the

---

[6]We have considered the record in light of the relevant law and conclude Wendy's other arguments on this issue are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

trustees' joint defenses were so intertwined as to make apportionment impracticable, and we therefore conclude that the district court's finding that the Trustees' representation costs overlapped is supported by the record.[7] Thus, we conclude that the district court did not abuse its discretion on this issue.

The Trustees next argue that the district court abused its discretion by awarding attorney fees to Wendy.[8] In awarding fees to Wendy, the district court cited NRS 153.031(3)(b), which grants the district court the discretion to order a trustee to pay another party's reasonable attorney fees if the trustee breached his or her fiduciary duties and "such additional relief is appropriate to redress or avoid an injustice." In its order, the court stated that "[t]he nature of the accountings influence[d] [its] decision regarding attorneys' fees and the no-contest provisions of the trust." The court also noted that it "was particularly troubled by the notary's abdication of statutory responsibilities, which was an influencing fact in the litigation Wendy pursued."

We determine that the record supports the district court's finding that the accountings did not provide Wendy with proper notice of her interests as beneficiary. The record demonstrates that there was much uncertainty about the debt and value of the trusts because the scope of Todd's indemnification agreement was unclear, and the accountings had

---

[7]For example, many of Kimmel's and Riley's attorneys' entries in their memoranda of costs involve Todd, indicating his primary role in this matter and the lesser roles of Riley and Kimmel. Todd testified that he depended on others, including Riley, for his actions as trustee and the preparation of some trust documents and accounting, which demonstrates how entangled their defense was at trial. Notably, too, the trustees concede that their representation substantially overlapped with Todd's.

[8]We have carefully considered Stan's additional arguments and conclude they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

many hyphens where there should have been numerical values, thereby precluding a clear calculation of the trusts' debts. Additionally, the record further supports the court's finding that the notary's conduct fell below the statutory standard because there was testimony indicating that the notary did not keep records that she was supposed to keep. And the jury found Todd breached his fiduciary duties. Accordingly, we agree that the poor state of the trust accountings and the notarial negligence were harms or injustices that warranted awarding attorney fees to Wendy under NRS 153.031(3), and therefore we conclude the district court did not abuse its discretion.[9]

*Todd's arguments*

Todd argues that the district court abused its discretion by disgorging him of his trustee fees and requiring him to personally reimburse the trusts for a quarter of the Trustees' attorney fees paid by the trust. Under NRS 153.031(3)(a), a court has the discretion to "[o]rder a reduction in the trustee's compensation" to "redress or avoid an injustice." Under NRS 153.031(3)(b), a court has the discretion to order a trustee to personally pay for another party's reasonable attorney fees if the trustee breached his or

---

[9]We are not persuaded that the district court's award of $300,000 was unreasonable. The record shows that the district court reviewed over 300 substantive pleadings and 227 exhibits during this two-year-long case. The parties engaged in extensive discovery and Wendy was successful in at least one of her legal claims, demonstrating her attorneys' skill in this complicated case. Additionally, Wendy provided the supporting documentation for her attorney fees. *See Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 864-65, 124 P.3d 530, 549 (2005) (providing that when awarding attorney fees, the district court must consider the *Brunzell* factors to determine the reasonable amount to be awarded); *see also Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015) (explaining express findings on the *Brunzell* factors are preferred but not necessary where the record demonstrates the court considered those factors and the award is supported by substantial evidence).

Supreme Court
OF
Nevada

(O) 1947A

8

her fiduciary duties and "such additional relief is appropriate to redress or avoid an injustice." For the reasons set forth above, we conclude that ordering Todd to disgorge trust fees was appropriate to redress the poor accountings and notarial negligence pursuant to NRS 153.031. Additionally, because the jury found that Todd breached his fiduciary duties to Wendy, the district court properly held Todd personally liable for a part of the Trustees' attorney fees under NRS 153.031(3)(b). Thus, we conclude that the district court did not abuse its discretion by disgorging Todd of his trustee fees and ordering him to pay part of the Trustees' attorney fees.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. David A. Hardy, District Judge
David Wasick, Settlement Judge
Maupin, Cox & LeGoy
McDonald Carano LLP/Reno
Robison, Sharp, Sullivan & Brust
Kreitlein Law Group
Marquis Aurbach Coffing
Spencer & Johnson PLLC
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A