OTAK NEVADA, LLC, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE DOUGLAS SMITH, DISTRICT JUDGE, RESPONDENTS, AND PACIFICAP CONSTRUCTION SERVICES, LLC; PACIFICAP PROPERTIES GROUP, LLC; PACIFICAP HOLDINGS XXIX, LLC; CHAD I. RENNAKER; JASON Q. RENNAKER; CHEYENNE APARTMENTS PPG, LP; AND CHRISTOPHER WATKINS, REAL PARTIES IN INTEREST.

No. 56065

September 8, 2011
260 P.3d 408

---

*Weil & Drage, APC*, and *Jean A. Weil* and *Thomas A. Larmore*, Las Vegas, for Petitioner.

*Thagard, Reiss & Brown, LLP*, and *Thomas Friedman*, Las Vegas, for Real Party in Interest Pacificap Construction Services, LLC.

*Lewis Brisbois Bisgaard & Smith LLP* and *Mark J. Brown* and *Josh C. Aicklen*, Las Vegas, for Real Parties in Interest Pacificap Properties Group, LLC; Pacificap Holdings XXIX, LLC; Chad I. Rennaker; Jason Q. Rennaker; and Cheyenne Apartments PPG, LP.

*Lewis & Roca LLP* and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas; *Simon Law Office* and *Daniel S. Simon*, Las Vegas, for Real Party in Interest Christopher Watkins.

Before SAITTA, C.J., HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this extraordinary writ proceeding, we must determine whether NRS 11.259(1) compels dismissal where the initial pleading in an action alleging nonresidential construction malpractice was served without filing the attorney affidavit and expert report required by NRS 11.258(1) and (3). We take this opportunity to extend our analysis and holding in *Fierle v. Perez*, 125 Nev. 728, 740, 219 P.3d 906, 914 (2009) (interpreting NRS 41A.071's expert affidavit requirement in medical malpractice actions) to apply to a defective pleading served in violation of NRS 11.258. Such a pleading is void ab initio and of no legal effect and, thus, cannot be cured by amendment. Therefore, because the initial pleadings[1] served by certain real parties in interest in this case did not include the attorney affidavit and expert report as required by NRS 11.258, those pleadings were void ab initio, and the district court did not have discretionary authority to allow the parties to amend their pleadings to cure their failure to comply with NRS 11.258. Accordingly, we conclude that writ relief is warranted.

### FACTS AND PROCEDURAL HISTORY

This wrongful death and personal injury matter arose out of claims for damages allegedly caused by a defect in street improvements to Cheyenne Avenue in Las Vegas. A vehicle operated by someone who is not a party to this writ proceeding was driving on Cheyenne when it ran into a median and collided with oncoming traffic, killing the driver of the other car and injuring the passenger, real party in interest Christopher Watkins. The decedent's family and Watkins filed suit against the parties involved in the construction project, including the other real parties in interest.

In September 2009, real party in interest Pacificap Construction Services, LLC (PCS), the general contractor, filed a third-party complaint against petitioner Otak Nevada, LLC, the design archi-

---

[1]The pleadings at issue in this case are a third-party complaint and a cross-claim. For simplicity, we will refer to these as ''pleadings'' unless otherwise necessary.

tect, alleging claims for negligence, breach of contract, breach of express and implied warranties, implied indemnity, express indemnity, equitable indemnity, contribution, and apportionment, and seeking declaratory relief, related to Otak's work on the Cheyenne Avenue construction project that led to the fatal automobile collision. The third-party complaint was served on Otak on September 21, 2009. However, no attorney affidavit or expert report was included with the third-party complaint or filed with the district court before the complaint's service on Otak as required by NRS 11.258. Before Otak filed a responsive pleading, in January 2010, PCS filed an amended third-party complaint that did not include allegations of breach of express or implied warranties, or claims for implied or express indemnity. The amended third-party complaint included for the first time an affidavit from PCS's attorney in which he stated that the claim had a reasonable basis in fact and law, and it also included an expert report opining that Otak's engineering services fell below the standard of care.

Otak filed a motion to dismiss PCS's amended third-party complaint on the grounds that the affidavit and report were not filed concurrently with or before the original third-party complaint, as required by NRS 11.258. Citing this court's holding in *Fierle*, 125 Nev. at 740, 219 P.3d at 914 (holding that a medical malpractice complaint filed without the statutorily required expert report is void and cannot be amended), Otak argued that the third-party complaint was void ab initio. The district court conducted a hearing and denied Otak's motion, stating that the holding in *Fierle* applied only to medical malpractice cases.

After the district court denied Otak's motion to dismiss, real parties in interest Pacificap Properties Group, LLC; Pacificap Holdings XXIX, LLC; Chad I. Rennaker; and Jason Q. Rennaker (collectively, P&R) filed a motion for leave to amend their answer and assert cross-claims against Otak. Similar to its motion to dismiss PCS's amended third-party complaint, Otak opposed P&R's motion to amend for failure to file the required attorney affidavit and expert report and argued that the cross-claim was void ab initio under *Fierle*. The district court conducted a hearing on this motion as well and granted P&R's motion to amend, and the court further found that P&R could rely on PCS's expert report instead of filing its own expert report. The district court also orally concluded that, based on its ruling that P&R could rely on PCS's expert report, Watkins[2] could also rely on PCS's expert report in amending his complaint against Otak. Otak now petitions this court for writ relief.[3]

---

[2] Watkins did not file any response to Otak's writ petition.

[3] On August 6, 2010, we entered an order partially staying the proceedings below. On August 17, 2011, Otak filed a motion to lift this stay. In light of our

## DISCUSSION

In its petition, Otak maintains that the district court erred by ruling that PCS's and P&R's pleadings were not void when those parties failed to file an affidavit and expert report, as required by NRS 11.258(1) and (3). This argument raises an issue of first impression in Nevada: Is a construction design malpractice pleading void ab initio if the statutorily required attorney affidavit and expert report are not filed with the court before the initial pleading is served? Because the determination of this issue is not fact-bound and it involves an unsettled question of law that is likely to recur, and because this case is in the early stages of litigation and resolving this question now promotes judicial economy, we conclude that our consideration of this writ petition is warranted. *See County of Clark v. Upchurch*, 114 Nev. 749, 753, 961 P.2d 754, 757 (1998) (concluding that addressing an issue was appropriate because it would "likely rise again and its resolution might forestall future litigation"); NRS 34.330 (recognizing that a writ of mandamus is available only when no adequate legal remedy exists); *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197-98, 179 P.3d 556, 559 (2008) (noting that the right to appeal from a future final judgment is not always an adequate legal remedy precluding writ relief, such as when the case is at early stages of litigation and writ relief would promote policies of sounds judicial administration); *Buckwalter v. Dist. Ct.*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) (recognizing that while "[n]ormally, this court will not entertain a writ petition challenging the denial of a motion to dismiss[, ] we may do so where . . . the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law").

This court has original jurisdiction to issue writs of mandamus. Nev. Const. art. 6, § 4. "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse of discretion." *We the People Nevada v. Secretary of State*, 124 Nev. 874, 879, 192 P.3d 1166, 1170 (2008).

The district court based its orders denying Otak's motion to dismiss PCS's third-party complaint and granting P&R's motion to file an amended answer and cross-claim on its interpretation and application of NRS 11.258. "This court reviews a district court's

---

decision today, we vacate the stay in its entirety and deny the motion as moot.

statutory construction determinations de novo." *Fierle*, 125 Nev. at 734, 219 P.3d at 910.

*An initial pleading for nonresidential construction defect claims is void ab initio if it is served before an attorney affidavit and expert report are filed with the court*

NRS 11.258(1) and (3)[4] provide that "the attorney . . . shall file [the affidavit and expert report] . . . concurrently with the service of the first pleading in the action."[5] Additionally, NRS 11.259(1) provides that the district court "shall dismiss" a party's initial pleading alleging nonresidential construction malpractice if it is served without the party filing the required attorney affidavit and expert report. Because the phrase "shall dismiss" is clear and unambiguous, we must give " 'effect to that meaning and will not consider outside sources beyond that statute.' " *City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 272, 236 P.3d 10, 16 (2010) (quoting *NAIW v. Nevada Self-Insurers Association*, 126 Nev. 74, 84, 225 P.3d 1265, 1271 (2010)).

The use of the word " '[s]hall' imposes a duty to act." NRS 0.025(1)(d); *see also S.N.E.A. v. Daines*, 108 Nev. 15, 19, 824 P.2d 276, 278 (1992) (" '[S]hall' is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature."); *Washoe Med. Ctr. v. Dist. Ct.*, 122 Nev. 1298, 1303, 148 P.3d 790, 793 (2006) (" '[S]hall' is mandatory and does not denote judicial discretion."). Thus, the Legislature's use of "shall" in NRS 11.259 demonstrates its intent to prohibit judicial discretion and, consequently, mandates automatic dismissal if the pleading is served without the complaining party concurrently filing the required affidavit and report. *See Washoe Med.*, 122 Nev. at 1303, 148 P.3d at 793-94.

In *Washoe Medical Center v. District Court*, 122 Nev. at 1303, 148 P.3d at 793-94, we addressed a statutory interpretation issue similar to the one raised in this case, when we analyzed NRS 41A.071. That statute provides, in pertinent part, as follows:

---

[4]NRS 11.258(2) provides an exception to the affidavit filing requirement under certain circumstances, but the facts of this case do not fit that exception.

[5]The main difference between the medical malpractice statute and the nonresidential construction design malpractice statute is that the medical malpractice statute requires the supporting documents to be filed concurrently with the *filing* of the pleading, NRS 41A.071, whereas the construction statute requires the supporting documents to be filed concurrently with *service* of the first pleading. NRS 11.258(1). This difference, however, is of no consequence to our analysis here.

> If an action for medical malpractice . . . is filed in the district court, the district court shall dismiss the action . . . if the action is filed without an affidavit, supporting the allegations contained in the action.

We determined that NRS 41A.071's mandatory language did not give the district court the discretion to allow a party to amend a complaint alleging medical malpractice that was filed without the required affidavit. *Washoe Med.*, 122 Nev. at 1303, 148 P.3d at 793-94. Later, in *Fierle*, we reasoned that because a complaint filed under NRS 41A.071 without the required affidavit was void ab initio, "such complaints may not be amended because they are void and do not legally exist." 125 Nev. at 740, 219 P.3d at 914; *see also Washoe Med.*, 122 Nev. at 1300, 148 P.3d at 792. Our decision also comported " 'with the underlying purpose of . . . [NRS 41A.071], which is to ensure that such actions be brought in good faith based [on] competent expert opinion.' " *Fierle*, 125 Nev. at 740, 219 P.3d at 914 (first and second alterations in original) (quoting *Borger v. Dist. Ct.*, 120 Nev. 1021, 1029, 102 P.3d 600, 606 (2004)). Our analysis in *Washoe Medical* and *Fierle* is equally applicable to the instant case, and thus we now extend our analysis in those cases to cases that are governed by NRS 11.258. Therefore, we conclude that because a pleading filed under NRS 11.258 without the required affidavit and expert report is void ab initio and of no legal effect, the party's failure to comply with NRS 11.258 cannot be cured by amendment. *See Fierle*, 125 Nev. at 740, 219 P.3d at 914; *Washoe Med.*, 122 Nev. at 1304, 148 P.3d at 794.

In this case, PCS served its initial pleading asserting nonresidential construction malpractice claims against Otak without concurrently filing the required attorney affidavit and expert report in direct violation of NRS 11.258, and, thus, we conclude that PCS's initial pleading is void ab initio. The provision of NRCP 15(a) that allows "[a] party to amend the party's pleading once as a matter of course at any time before a responsive pleading is served" is inapplicable when that pleading is void for not complying with NRS 11.258, because a void pleading does not legally exist and thus cannot be amended. *See Washoe Med.*, 122 Nev. at 1304, 148 P.3d at 794. Because the initial pleading was void for violating NRS 11.258, the district court had no discretionary authority to allow PCS to amend its pleading. Therefore, we conclude that the district court abused its discretion when it denied Otak's motion to dismiss PCS's amended third-party complaint.

P&R, rather than simply filing an amended complaint like PCS, moved the district court for leave to amend their answer and to as-

sert cross-claims for equitable indemnity and contribution against Otak. The district court not only granted P&R's motion, but also allowed them (and Watkins, who did not even move to amend his claims against Otak) to rely on PCS's expert report, rather than requiring each party filing a claim against Otak to file their own expert report. As stated above, granting the motion to amend was reversible error because the pleading was void ab initio for being served without filing the expert report and attorney affidavit. Additionally, the district court erred by allowing P&R (and Watkins) to rely on PCS's expert report because NRS 11.258(1) provides that "the attorney for the complainant shall file" the expert report and affidavit. Each party that files a separate complaint for non-residential construction malpractice must file its own expert report and attorney affidavit. *See Washoe Med.*, 122 Nev. at 1303, 148 P.3d at 793. Requiring each party to file a separate expert report and attorney affidavit that are particularized to that party's claims is not an unreasonable requirement, as each party must justify its claims of nonresidential construction malpractice based on that party's relationship with the defendant.[6]

Accordingly, for the reasons set forth above, we grant Otak's petition for extraordinary relief as to the nonresidential construction defect claims against Otak[7] and direct the clerk of this court to issue a writ of mandamus instructing the district court to set aside its earlier orders, grant Otak's motion to dismiss PCS's amended third-party complaint, and deny P&R's motion to amend its answer and cross-claim against Otak.[8]

SAITTA, C.J., and PARRAGUIRRE, J., concur.

---

[6]The parties do not argue, and we do not address, whether claims of indemnity and contribution fall outside the scope of NRS 11.258(1).

[7]The other claims asserted against Otak are not at issue in this petition, but we do not foreclose the district court's evaluation of the effect of this opinion on those remaining claims.

[8]Otak also argues that the expert report did not meet other requirements outlined in NRS 11.258 and that if this court did not construe NRS 11.258 similarly to NRS 41A.071, it would be a violation of equal protection. Because we conclude that the initial pleadings against Otak were void, we do not reach the merits of these claims.