# IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICK OBENCHAIN, AS THE
GUARDIAN AD LITEM FOR CONAN
OBENCHAIN, A MINOR,
Appellant,
vs.
OUTDOOR PROMOTIONS, LLC;
BUSTOP SHELTERS OF NEVADA,
INC.; CBS OUTDOOR, INC.;
REGIONAL TRANSPORTATION
COMMISSION OF SOUTHERN
NEVADA; AND CLARK COUNTY,
Respondents.

No. 67434

FILED

JUN 27 2017

## ORDER OF REVERSAL AND REMAND

This is an appeal from four district court orders dismissing a negligence and strict products liability action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

In 2012, an intoxicated driver hit minor Conan Obenchain as he waited at a bus stop shelter in Las Vegas. As a result, appellant Patrick Obenchain, as the guardian ad litem, filed a complaint against respondents Outdoor Promotions, LLC (OPLLC), Bustop Shelters of Nevada, Inc. (Bustop), CBS Outdoor, Inc. (CBS), Regional Transportation Commission of Southern Nevada (RTC), and Clark County (collectively, respondents).

In his complaint, appellant alleged (1) strict products liability arising from the bus shelter, and (2) negligence arising from ownership, placement, maintenance, and operation of the bus shelter. Respondents filed motions to dismiss pursuant to NRS 11.256-11.259 and NRCP 12(b)(5). The district court dismissed the strict products liability cause of

17-21269

action against RTC and Clark County. Because the district court concluded that appellant may have a strict products liability claim against CBS, Bustop, and OPLLC, the court sua sponte ordered appellant to amend his complaint within 30 days, and ordered him to file an attorney affidavit and expert report pursuant to NRS 11.256-11.259. After appellant failed to comply with the district court's order, the court dismissed appellant's strict products liability cause of action with prejudice against CBS, Bustop, and OPLLC. As to appellant's negligence claim, the district court concluded that appellant had failed to establish that any respondent owed him a duty of care that would entitle him to relief and that RTC and Clark County were entitled to discretionary-immunity pursuant to NRS 41.032(2). Ultimately, the district court dismissed appellant's complaint in its entirety with prejudice against all five respondents.

On appeal, appellant argues that (1) NRS 11.256-11.259 do not apply to personal injury or wrongful death actions, (2) respondents owed him a duty of care, and (3) RTC and Clark County fail to satisfy the requirements under NRS 41.032(2) for discretionary-act immunity.[1] First, we conclude that NRS 11.256-11.259 apply to personal injury and wrongful death actions; however, we further conclude that because the

---

[1]Although the district court concluded that Clark County is not a proper party under NRS Chapter 277A because it does not operate the bus transportation system, appellant did not present this argument on appeal. Therefore, we need not review this issue. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (concluding that this court does not need to review an unraised point unless the issue concerns our jurisdiction). Accordingly, analysis on remand is necessary to determine whether the district court's conclusion has merit and warrants dismissal of Clark County.

record is silent as to whether respondents are design professionals pursuant to NRS 11.2565, further analysis is required on remand. Second, we conclude that the district court erred by granting respondents' motions to dismiss the negligence claims because questions of fact and law remain that need to be addressed on remand. Finally, we conclude that on remand, the district court must provide legal analysis and make factual findings regarding whether RTC and Clark County are entitled to discretionary-act immunity under NRS 41.032(2). Accordingly, we reverse the district court's orders and remand this matter for further proceedings.[2]

A district court order granting a motion to dismiss is reviewed de novo. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). This court will rigorously review the order, with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complaint. *See id.* at 227-28, 181 P.3d at 672. Thus, dismissing a complaint is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672.

*NRS 11.256-11.259 apply to personal injury and wrongful death actions*

This court reviews questions of statutory construction de novo and will not look beyond the statute's plain language if it is clear on its face. *See Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014). However, if the statute is ambiguous, this court will look to the statute's legislative history in conformation with reason and public policy.

---

[2]We note that appellant argues that his strict products liability cause of action should have been dismissed without prejudice. Because we reverse in appellant's favor, we decline to address this additional contention.

*See id.* Further, "[t]he Legislature's intent is the primary consideration when interpreting an ambiguous statute." *Hardy Cos., Inc. v. SNMARK, LLC,* 126 Nev. 528, 533, 245 P.3d 1149, 1153 (2010). Accordingly, "when the [L]egislature enacts a statute, this court presumes that it does so with full knowledge of existing statutes relating to the same subject." *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.,* 116 Nev. 290, 295, 995 P.2d 482, 486 (2000) (internal quotation marks omitted). Similarly, "[t]his court does not fill in alleged legislative omissions based on conjecture as to what the [L]egislature would or should have done." *In re Manhattan W. Mech.'s Lien Litig.,* 131 Nev., Adv. Op. 70, 359 P.3d 125, 131 (2015) (second alteration in original) (internal quotation marks omitted).

Pursuant to the statutes' plain language, NRS 11.256-11.259 do not explicitly exclude personal injury and wrongful death actions from application. Further, there is no evidence that the Legislature intended such exclusion. Accordingly, we will not fill in such an omission based on conjecture.

Moreover, this court has applied NRS 11.256-11.259 in personal injury and wrongful death matters. *See Otak Nev., LLC v. Eighth Judicial Dist. Court,* 127 Nev. 593, 595, 260 P.3d 408, 409 (2011). Accordingly, NRS 11.256-11.259 potentially apply here, depending on whether this action involves nonresidential construction and a design professional. NRS 11.2565(1). Each requirement is addressed in turn.

*A bus shelter is nonresidential construction pursuant to NRS 11.2565*

Appellant contends that if NRS 11.256-11.259 apply to personal injury actions, the district court erred in finding that a bus shelter constitutes nonresidential construction under NRS 11.2565. Instead, appellant contends that a bus shelter is more akin to a product or good placed into the stream of commerce, such as a park bench,

playground swing set, or a phone booth. Conversely, respondents contend that a bus shelter is not a product that has been placed into the stream of commerce, but rather a nonresidential building or structure falling under the purview of NRS 11.256-11.259.

Nonresidential construction "[i]nvolves the design, construction, manufacture, repair or landscaping of a nonresidential building *or structure*." NRS 11.2565(1)(b) (emphasis added). This court has held that the definition of such an action is expansive. *See In re CityCenter Constr. & Lien Master Litig.*, 129 Nev. 669, 675, 310 P.3d 574, 578 (2013). Thus, such "claims do not have to be directly based on the design, construction, or manufacture of a nonresidential building, but merely 'involve[ ]' those activities." *Id.* (alteration in original). This court has even applied the statutory requirements for actions involving nonresidential construction against design professionals in matters concerning defects in street improvements. *See Otak*, 127 Nev. at 595, 260 P.3d at 409.

A bus shelter comports to the plain meaning of the word "structure" as it is an artificial construction. *See McGrath v. State Dep't of Pub. Safety*, 123 Nev. 120, 125, 159 P.3d 239, 243 (2007) (stating that if the Legislature has not defined a term used in the NRS, this court "look[s] to the word's plain meaning"); *see also Structure, Black's Law Dictionary* (10th ed. 2014) (defining "structure" as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together"). Further, a bus shelter is certainly intended to be nonresidential. Therefore, a bus shelter constitutes nonresidential construction.

> *The record is silent as to whether respondents are design professionals pursuant to NRS 11.2565*

In his complaint, appellant stated that RTC, CBS, and OPLLC "in some fashion designed, engineered and fabricated the subject bus shelter." On appeal, appellant contends that these respondents cannot rely solely upon his complaint to demonstrate that they are design professionals. We agree and conclude that further analysis is required.

A "'[d]esign professional' means a person who holds a professional license or certificate issued pursuant to chapter 623, 623A or 625 of NRS *or a person primarily engaged in the practice of professional engineering, land surveying, architecture or landscape architecture.*" NRS 11.2565(2)(b) (emphasis added). Accordingly, a "person" includes "any form of business," but not including "a government, governmental agency or political subdivision of a government." NRS 0.039. Further, NRS 625.050(1)(a) provides as follows:

> "The practice of professional engineering" includes . . . surveying, consultation, investigation, evaluation, planning and design, or responsible supervision of construction or operation in connection with any public or private utility, structure, building, machine, equipment, process, work or project, wherein the public welfare or the safeguarding of life, health or property is concerned or involved.

The definition of professional engineering also encompasses "[s]uch other services as are necessary to the planning, progress and completion of any engineering project or to the performance of any engineering service." NRS 625.050(1)(b).

Upon rigorous review of the district court's order, we conclude that dismissing appellant's complaint pursuant to NRCP 12(b)(5) was improper. There is no evidence in the record indicating whether RTC, CBS, or OPLLC are design professionals. Accordingly, we remand this

 

issue to the district court. On remand, we note that while the district court may determine that RTC is a governmental entity falling out of the purview of NRS 11.2565(2)(b), CBS and OPLLC possibly fall within the definition of a person as required for a design professional. In particular, CBS and OPLLC could engage in the practice of professional engineering, as these respondents contend that they planned, constructed, and maintain bus shelters. However, none of the parties detail the extent to which these respondents engage in professional engineering. *See State Dep't of Transp. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 10, 368 P.3d 385, 388 (2016) (concluding that a showing of some NDOT employees "engaged in areas of professional engineering" fails to sufficiently show "that NDOT is *primarily engaged* in the practice of professional engineering" (emphasis added) (internal quotation marks omitted)). Therefore, the district court must determine whether CBS and OPLLC are design professionals on remand.[3]

*Questions of law and fact remain as to whether respondents owed appellant a duty of care*

Whether the defendant owed the plaintiff a duty of care "is a question of law that this court reviews de novo." *Foster v. Costco Wholesale Corp.*, 128 Nev. 773, 777, 291 P.3d 150, 153 (2012). "[A] common carrier of passengers is bound to use the utmost care and diligence for the safety of the passengers, and is liable for any injury to a passenger occasioned by the slightest negligence against which human prudence and foresight should have guarded." *Sherman v. S. Pac. Co.*, 33

___

[3]We note that such a determination must be made on remand for RTC if the district court determines that RTC is not immunized under NRS 41.032(2).

Nev. 385, 403-04, 111 P. 416, 423 (1910) (internal quotation marks omitted). However, proximate cause, reasonableness, and foreseeability "usually are questions of fact for the jury." *Lee v. GNLV Corp.*, 117 Nev. 291, 296, 22 P.3d 209, 212 (2001) (internal quotation marks omitted). We conclude that questions of law and fact remain that need to be addressed by the district court on remand.

Here, despite appellant's short assertion in his complaint, it is not clear from the record that all respondents were common carriers, and it is further unclear as to whether a common carrier owes a legal duty of care to persons who await at a bus stop. Moreover, the district court did not provide any legal analysis as to which respondents would not owe appellant a legal duty of care under *City of Reno v. Van Ermen*, 79 Nev. 369, 385 P.2d 345 (1963), upon which the district court based its finding of no duty. Therefore, a question of law remains concerning whether respondents owed appellant a legal duty of care. Even if no duty is owed under *Van Ermen*, a question of fact remains. 79 Nev. at 380, 385 P.2d at 351 ("The general rule is that a municipal corporation must exercise ordinary care to keep its streets in a reasonably safe condition for *ordinary* use by the public."); *Solen v. Va. & Truckee R.R. Co.*, 13 Nev. 106, 113 (1878) ("The question as to what is ordinary care is a question of fact, depending upon the circumstances of each particular case."); *see also Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250, 849 P.2d 320, 323 (1993) (stating that in general, whether an owner or occupant of property was under constructive notice of a hazardous condition, is a question of fact properly left for the jury). Further, questions of fact remain as to the issues of proximate cause, reasonableness, and foreseeability. For example, if appellant is able to prove "that the type of bus shelter involved

in the incident would increase the dangers to shelter users posed by vehicles traveling on Spring Mountain Road," then a jury could possibly find that he is entitled to relief. Although appellant's claim may prove unsuccessful on remand, dismissing appellant's negligence claim under NRCP 12(b)(5) was premature against all five respondents because it is possible that a set of facts would entitle appellant to relief, albeit doubtful. Notwithstanding, discretionary-act immunity may shield RTC and Clark County from liability.

*Questions of law and fact remain as to whether discretionary-act immunity under NRS 41.032(2) applies to RTC and Clark County*

"Issues of sovereign immunity under NRS Chapter 41 present mixed questions of *law and fact.*" *Ransdell v. Clark Cty.*, 124 Nev. 847, 854, 192 P.3d 756, 761 (2008) (emphasis added). Here, the district court did not provide any legal analysis or make any factual findings, and we conclude it erred in granting respondents' motion to dismiss on this issue. Accordingly, we remand for the district court to determine whether discretionary-act immunity applies by analyzing the *Berkovitz-Gaubert* two-part test. *See Martinez v. Maruszczak*, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007). Based on the foregoing, we

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
Robert F. Saint-Aubin, Settlement Judge
Stovall & Associates
Bremer Whyte Brown & O'Meara, LLP
Lee, Hernandez, Landrum, Garofalo
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Hall Jaffe & Clayton, LLP
Eighth District Court Clerk