# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
CFA, INC., A DOMESTIC
CORPORATION,
Respondent.

No. 73463

FILED

MAR 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a complaint in a tort action. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Appellant argues that its claim against respondent, which was grounded on allegations that respondents "negligently engag[ed] in construction, excavation, shoring, design, supervision, management, planning, surveying, inspection, marking and other work regarding underground utilities," including sewer lateral pipes outside of appellant's building, is not an "action involving nonresidential property," as defined by NRS 11.2565. Thus, appellant asserts that the district court erred by dismissing its complaint for failing to comply with NRS 11.258's pre-litigation filing requirements, as those requirements apply only in actions involving nonresidential property against design professionals.[1]

Having reviewed the record and considered the parties' arguments on appeal, we perceive no error in the district court's decision. *See Zohar v. Zbiegien*, 130 Nev. 733, 736, 334 P.3d 402, 404-05 (2014)

---

[1]Appellant does not dispute that respondent is a design professional as defined by NRS 11.2565(1)(a) and (2)(b).

19-12537

(reviewing a district court order dismissing a complaint for failure to comply with statutory requirements and corresponding issues of statutory interpretation de novo); *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003) (recognizing that a de novo review standard applies to district court decisions concerning "questions of statutory construction, including the meaning and scope of a statute").

Appellant alleged general negligence against a design professional, acknowledging that it was not sure what went wrong on the construction project in terms of whether the sewer lateral pipe was damaged from an error in executing the plans or whether the plans were flawed, or whether either or both the contractor and the design professional were negligent. The plain language of NRS 11.2565 broadly defines nonresidential construction and does not exclude negligence claims against design professionals when alleged defects in design, construction, manufacture, or repair of nonresidential structures, installations, facilities, or amenities benefitting a nonresidential property are at issue. *See* NRS 11.2565(1)(b), 2(a). The limiting provisions in NRS 11.256 through .259 require an expert report and attorney affidavit setting forth evidence that there is a reasonable basis for filing the action as a prerequisite to pursuing a negligence theory of liability against a design professional. Such claims against design professionals are foreclosed unless those initial pleading requirements are met. *See* NRS 11.258; NRS 11.259; *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 593, 598-99, 260 P.3d 408, 411-12 (2011) (concluding that a contractor's third-party complaint seeking to recover from an architect for potential liability on a plaintiff's direct wrongful death and personal injury claims following a car accident allegedly caused by defects in street improvements fell within the definition of an

action involving nonresidential construction against a design professional, requiring the contractor to provide an affidavit of expert review and report). Accordingly, the district court properly concluded that appellant's failure to meet NRS 11.258's filing requirements required dismissal of its claim against respondent pursuant to NRS 11.259 because appellant's complaint was void ab initio. Therefore we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Jerome M. Polaha, District Judge
Jill I. Greiner, Settlement Judge
Ames & Ames, LLP
Fahrendorf, Viloria, Oliphant & Oster, LLP
Washoe District Court Clerk

_____

[2]We have considered appellant's arguments regarding the district court's denial of its motion for reconsideration and conclude that they do not provide a basis for reversal. *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a district court's decision resolving a motion for reconsideration for an abuse of discretion).

The Honorables Elissa Cadish and Abbi Silver, Justices, did not participate in the decision of this matter.