135 Nev., Advance Opinion 51

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCUS A. REIF, AN INCOMPETENT
PERSON BY AND THROUGH HIS
CONSERVATOR CINDY REIF,
Appellant,
vs.
ARIES CONSULTANTS, INC., A
NEVADA CORPORATION,
Respondent.

No. 76121

FILED

OCT 10 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss for failure to comply with NRS 11.258(1). Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Reversed and remanded.*

Glen Lerner Injury Attorneys and Randolph L. Westbrook, III, and Glen J. Lerner, Las Vegas,
for Appellant.

Gordon Rees Scully Mansukhani, LLP, and Robert E. Schumacher, Craig J. Mariam, and Brian K. Walters, Las Vegas,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

19-41933

*OPINION*

By the Court, HARDESTY, J.:

For actions involving nonresidential construction malpractice, NRS 11.258 requires the plaintiff's attorney to file an affidavit and an expert report "concurrently with the service of the first pleading." The district court dismissed appellant Marcus Reif's complaint because he filed it, though he did not serve it, without an affidavit and expert report. In doing so, the district court relied on a statement in *Otak Nevada, LLC v. Eighth Judicial District Court*, 127 Nev. 593, 599, 260 P.3d 408, 412 (2011), that "a pleading *filed* under NRS 11.258 without the required affidavit and expert report is void ab initio." (Emphasis added.) We now clarify that, based on the plain text of the statute, an initial pleading filed under NRS 11.258(1) is void ab initio only where it is *served* without a concurrent filing of the required attorney affidavit and expert report. Accordingly, we reverse the district court's order granting the motion to dismiss and remand to the district court for further consideration.

*FACTS AND PROCEDURAL HISTORY*

Reif sustained serious injuries as a result of an alleged parking garage structural failure when his vehicle traveled through the wall and fell five stories. He filed a complaint against respondent Aries Consultants, Inc., the company that had inspected the wall, asserting negligence, negligence per se, and negligent performance of an undertaking. Reif did not file the attorney affidavit and expert report required by NRS 11.258(1) with his complaint. The next day, Reif filed another complaint, entitled "Amended Complaint," identical to the initial complaint but with the addition of the affidavit and expert report. Reif then served the amended pleading, without having served the initial complaint.

SUPREME COURT
OF
NEVADA


(O) 1947A

Aries moved to dismiss the complaint, arguing that the complaint violated the single-cause-of-action rule because Reif maintained an identical cause of action in a separate court,[1] and that the complaint failed to comply with NRS 11.258 because the attorney who signed the affidavit was not licensed in Nevada or admitted pro hac vice in this action. Reif disputed both of these claims.

The district court granted the motion to dismiss on different grounds. Without reaching the merits of the arguments presented, the district court, relying on *Otak*, concluded that Reif violated NRS 11.258 for failing to *file* an attorney affidavit and expert report concurrently with the filing of the initial complaint.

## DISCUSSION

We review questions of statutory interpretation de novo. *Constr. Indus. Workers' Comp. Grp. v. Chalue*, 119 Nev. 348, 351, 74 P.3d 595, 597 (2003). When a statute is clear and unambiguous, this court will "give effect to the plain and ordinary meaning of the words." *Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010).

NRS 11.258(1) and (3) provide that, for actions involving nonresidential construction against design professionals, "the attorney for the complainant shall file an affidavit [with the attached expert report] with the court concurrently with the service of the first pleading in the action." If the requirements of NRS 11.258 are not met, NRS 11.259(1) mandates that the district court "shall dismiss" the action. The parties concede that Aries is a design professional and that NRS 11.258 applies. The issue before

---

[1]The complaint currently before us followed a complaint filed in the same district court, which was assigned to a different judge.

us, therefore, is whether the district court erred in finding that Reif failed to comply with NRS 11.258's affidavit and expert report requirements.

In dismissing the complaint, the district court relied on our decision in *Otak*, in which we considered whether NRS 11.259(1) compels dismissal when the initial pleading in an action alleging nonresidential construction malpractice was served without filing the attorney affidavit and expert report as required under NRS 11.258(1). 127 Nev. at 595, 260 P.3d at 409. We concluded that a complaint served before the filing of the statutorily required attorney affidavit and expert report was void ab initio and could not be amended. *Id.* However, in one sentence—the part of the decision relied upon by the district court—we incorrectly stated that "a pleading *filed* under NRS 11.258 without the required affidavit and expert report is void ab initio and of no legal effect." *Id.* at 599, 260 P.3d at 412 (emphasis added). As is clear from the plain language of the statute, the pleading must be *served* under NRS 11.258 to trigger the required concurrent filing of the affidavit and expert report.

In relying on the incorrect language in *Otak*, the district court found that Reif's failure to file an attorney affidavit and report concurrently with the *filing* of the initial complaint violated NRS 11.258. This, however, conflicts with the plain language of the statute. We, therefore, take this opportunity to correct *Otak* and clarify that a pleading is void ab initio under NRS 11.258(1) only where the pleading is *served* without a concurrent filing of the required attorney affidavit and expert report, not where the pleading is merely *filed*. Because Reif's initial pleading was never served, it should not have been dismissed under NRS 11.259.

Accordingly, we reverse the district court's order granting the motion to dismiss and remand for further proceedings consistent with this opinion.[2]

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver

_____

[2]Because the district court granted the motion to dismiss based on an incorrect statement in *Otak*, it did not reach the merits of the arguments presented by the parties. We decline to entertain the parties' arguments for the first time on appeal and instead instruct the district court to address them on remand. These arguments include whether the "first pleading" language in NRS 11.258 required Reif to serve the initial pleading before filing and serving the amended pleading; whether the lawsuits initiated in the district court below and another department violate the single-cause-of-action rule; whether the attorney affidavit complied with NRS 11.258—particularly, whether the "attorney for the complainant" language of the statute requires either that the attorney affidavit be completed by the same attorney that meets the requirements of NRS 11.258(1) or that said attorney either be licensed to practice law in Nevada or admitted pro hac vice; and whether a clerk of court may correct a technical error with a court's e-filing system, and the necessity of an equitable remedy to correct the same, *see* NEFCR 15.