IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCUS A. REIF, AN INCOMPETENT
PERSON BY AND THROUGH HIS
CONSERVATOR CINDY REIF,
Appellant,
vs.
BARKER DROTTAR ASSOCIATES,
LLC, A NEVADA LIMITED LIABILITY
COMPANY, D/B/A BARKER
STRUCTURAL,
Respondent.

No. 76695

FILED

FEB 07 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a complaint in a tort action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's complaint under NRS 11.259(1) for failure to comply with NRS 11.258(1)'s attorney affidavit requirement. *See Otak Nev., LLC v. Eighth Judicial Dist. Court,* 127 Nev. 593, 599, 260 P.3d 408, 412 (2011) (recognizing that NRS 11.259(1) mandates dismissal for failure to comply with NRS 11.258(1)), *abrogated on other grounds by Reif v. Aries Consultants, Inc.,* 135 Nev., Adv. Op. 51, 449 P.3d 1253, 1255 (2019). Under NRS 11.258(1), a plaintiff suing a design professional must file an attorney affidavit of merit in court concurrently with serving the complaint on the design professional. Here, California attorney Phillip Peche, who prepared and filed the affidavit, was not licensed in Nevada and had not been admitted pro hac vice in this action. Accordingly, he was not authorized to file the affidavit because he was not

SUPREME COURT
OF
NEVADA

(O) 1947A

20-05398

authorized to "appear" in the underlying action. *See* SCR 42(3), (5) (outlining the process for pro hac vice admission, which requires a Nevada attorney to file documents with the court until the out-of-state attorney has been admitted, and prohibiting a pro hac vice applicant from "appear[ing]" in the proceeding until the court grants a motion to associate)[1]; *Appearance, Black's Law Dictionary* (11th ed. 2019) (defining "appearance" as "coming into court . . . as a lawyer on behalf of a party"); *File, Black's Law Dictionary* (11th ed. 2019) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record"). Consequently, Mr. Peche's affidavit was invalid, such that no affidavit was concurrently filed in court when the complaint was served on respondent, thereby requiring dismissal of appellant's complaint. *See Otak Nev.*, 127 Nev. at 599, 260 P.3d at 412; *see also Reif*, 135 Nev., Adv. Op. 51, 449 P.3d at 1255 (clarifying *Otak* but reaffirming that dismissal is mandated for failure to comply with NRS 11.258(1)).

We are not persuaded that the doctrine of judicial notice can be used to cure the affidavit's invalidity. *Cf.* NRS 47.130(2)(b) (recognizing that judicial notice may be taken of facts "whose accuracy cannot reasonably be questioned"). While it cannot reasonably be questioned that Mr. Peche was admitted pro hac vice in a previous related action, and while appellant evidently moved to consolidate the underlying action with the previous action, it does not appear that the motion to consolidate was ever granted, so it is unclear what facts or circumstances this court could take judicial

---

[1]Appellant's reliance on *Naimo v. Fleming*, 95 Nev. 13, 588 P.2d 1025 (1979), is misplaced because *Naimo* was referring to a prior version of SCR 42 that did not contemplate current SCR 42's pro hac vice admission process. *See* 95 Nev. at 14 n.1, 588 P.2d at 1026 n.1 (quoting the prior version of SCR 42(1)).

notice of that would somehow render Mr. Peche admitted pro hac vice in the underlying action. *See* SCR 42(2) (contemplating pro hac vice admission on an action-by-action basis).

Nor are we persuaded that Nevada attorney Glen Lerner should be deemed to have filed the affidavit under NRCP 10(c), as NRS 11.258(1) requires *"the attorney* for the complainant [to] file an affidavit . . . stating that *the attorney* . . . [h]as reviewed the facts of the case . . . [and h]as consulted with an expert." (Emphases added.) In other words, NRS 11.258(1) expressly requires the attorney who files the affidavit to be the same attorney who consulted with the expert, which would not be the case even if Mr. Lerner were deemed to have filed the affidavit. Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. James Crockett, District Judge
      Persi J. Mishel, Settlement Judge
      Glen Lerner Injury Attorneys
      Napoli Shkolnik, PLLC/Los Angeles
      Weil & Drage, APC
      Eighth District Court Clerk