141 Nev., Advance Opinion 62

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BAGELMANIA HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND SOMERSET PROPERTY, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellants, vs. RDH INTERESTS, INC., A TEXAS CORPORATION; JEM ASSOCIATES WEST, INC., A NEVADA CORPORATION; AND TURPIN & RATTAN ENGINEERING, INC., A CALIFORNIA CORPORATION, Respondents. | No. 86531 |



FILED

DEC 04 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

| | |
|---|---|
| BAGELMANIA HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND SOMERSET PROPERTY, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellants, vs. RDH INTERESTS, INC., A TEXAS CORPORATION; JEM ASSOCIATES WEST, INC., A NEVADA CORPORATION; AND TURPIN & RATTAN ENGINEERING, INC., A CALIFORNIA CORPORATION, Respondents. | No. 87901 |

Consolidated appeals from a district court order dismissing a nonresidential construction defect case and a post-judgment order awarding attorney fees, costs, and interest. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

25- 52797

*Reversed and remanded (Docket No. 86531); vacated (Docket No. 87901).*

Womble Bond Dickinson (US) LLP and Kory J. Koerperich, Daniel F. Polsenberg, and Ogonna M. Brown, Las Vegas,
for Appellants.

Clark Hill PLLC and Nicholas M. Wieczorek, Las Vegas,
for Respondent Turpin & Rattan Engineering, Inc.

W&D Law, LLP, and John T. Wendland and Scott P. Kelsey, Henderson,
for Respondent RDH Interests, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Jorge A. Ramirez and Elisa L. Wyatt, Las Vegas,
for Respondent JEM Associates West, Inc.

---

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

By the Court, CADISH, J.:

## OPINION

In this appeal, we consider whether NRS 11.258's affidavit-of-merit and expert-report requirements for nonresidential construction defect cases are satisfied when coplaintiffs represented by the same attorney file a single, joint complaint alleging identical defects and theories of liability and submit only one affidavit and set of expert reports. Where the joint complaint asserts identical claims arising out of the same allegedly defective construction, separate affidavits and expert reports are unnecessary to comply with the plain language of NRS 11.258 and

SUPREME COURT
OF
NEVADA

(O) 1947A

effectuate its purpose of ensuring that claims involving nonresidential construction have merit before filing a lawsuit. Because the district court thus erred in dismissing the joint complaint here for failure to file separate affidavits and reports, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant Bagelmania Holdings, LLC operates a bakery and deli on property that it leases from appellant Somerset Property, LLC. Bagelmania and Somerset worked together to renovate the building for Bagelmania's restaurant. They retained respondent RDH Interests, Inc. as the architect for the project and respondent JEM Associates West, Inc. as the contractor to design the kitchen. Respondent Turpin & Rattan Engineering, Inc. (TRE) was subcontracted to provide mechanical engineering services for the HVAC system.

The renovation work was allegedly defective, and Bagelmania and Somerset sued various entities involved in the project, including RDH, JEM, and TRE. On three separate occasions, Bagelmania and Somerset filed complaints that failed to comply with NRS 11.258's attorney-affidavit and expert-report requirements, resulting in dismissal without prejudice of the actions. Bagelmania and Somerset then filed a new action with a new complaint, jointly alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against RDH, JEM, and TRE. As against TRE, Bagelmania and Somerset also alleged breach of the implied covenant of merchantability and fitness for a particular purpose. In the alternative, Bagelmania and Somerset alleged negligence against all three defendants.

In this action, Bagelmania and Somerset were both represented by the same attorney, Michael Maupin, assistant general counsel for the Siegel Group, a commercial real estate firm in Las Vegas. Maupin

submitted an affidavit of merit with the complaint. Maupin attested that the Siegel Group consulted with licensed architect Brian Grill from J.S. Held LLC before bringing the claims against RDH and JEM based on their design work. Maupin attested that the Siegel Group consulted with mechanical engineering expert Patrick Stremel from Southwest Consulting Group, Inc. to support the claims against TRE. Maupin also attested that "[t]he Siegel Group in its capacity as counsel for the Plaintiffs reasonably believes that the experts who were consulted are knowledgeable in the relevant disciplines involved in the action" and that "[t]he Siegel Group has concluded on the basis of the review and the consultation with the experts that the action has a reasonable basis in law and fact." Maupin signed the affidavit and attached both experts' reports and résumés to the affidavit. Both experts concluded that there were several flaws in the design and construction of the Bagelmania restaurant, such that there was a reasonable basis for filing the action.

RDH, JEM, and TRE each answered the complaint and listed noncompliance with NRS 11.258 as an affirmative defense. They then moved to dismiss the complaint under NRCP 12(c), arguing that Bagelmania and Somerset again failed to comply with NRS 11.258 because they did not each file separate attorney affidavits and expert reports and the affidavit and reports failed to comply with NRS 11.258's requirements. The district court dismissed the action, finding that Bagelmania and Somerset failed to satisfy NRS 11.258. Relying on *Otak Nevada, LLC v. Eighth Judicial District Court*, 127 Nev. 593, 260 P.3d 408 (2011), the district court held that NRS 11.258 requires each complainant to "file and serve its own affidavit of merit and expert report particularized to the complainant's own claims." The court further ordered that because

Bagelmania and Somerset failed to comply with NRS 11.258 on four occasions, thereby causing RDH, JEM, and TRE to incur significant legal costs, the dismissal was with prejudice. The district court denied Bagelmania and Somerset's motion to reconsider and awarded RDH attorney fees, costs, and prejudgment interest. Bagelmania and Somerset appeal.

## DISCUSSION

NRCP 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." NRCP 12(h)(2)(B) allows a party to raise the failure to state a claim upon which relief can be granted by motion under NRCP 12(c). We review a district court order granting an NRCP 12(c) motion de novo. *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 993, 340 P.3d 1264, 1266 (2014). Similarly, we review the "district court's statutory construction determinations de novo." *Otak,* 127 Nev. at 597-98, 260 P.3d at 411 (internal quotation marks omitted), *abrogated on other grounds by Reif v. Aries Consultants, Inc.,* 135 Nev. 389, 449 P.3d 1253 (2019). "When a statute is clear and unambiguous, this court will give effect to the plain and ordinary meaning of the words." *Reif,* 135 Nev. at 391, 449 P.3d at 1255 (2019) (internal quotation marks omitted).

To ensure that such lawsuits are not frivolous, NRS 11.258(1) provides that "the attorney for the complainant [in an action involving nonresidential construction] shall file an affidavit with the court concurrently with the service of the first pleading in the action." The affidavit must state that the attorney:

(a) Has reviewed the facts of the case;

(b) Has consulted with an expert;

(c) Reasonably believes the expert is knowledgeable in the relevant discipline involved in the action; and

(d) Has concluded on the basis of the review and the consultation with the expert that the action has a reasonable basis in law and fact.

NRS 11.258(1)(a)-(d). The attorney must also attach the expert report to the affidavit. NRS 11.258(3). The report must include (a) the expert's résumé, (b) a statement that the expert is experienced in the relevant discipline, (c) a copy of each nonprivileged document the expert reviewed, (d) the expert's conclusion and supporting reasoning, and (e) a statement that the expert has concluded there is a reasonable basis for filing the action. *Id.* If the attorney for the complainant fails to file the affidavit and report as required by NRS 11.258, NRS 11.259 mandates that the district court "shall dismiss" the action.

*Bagelmania and Somerset complied with NRS 11.258's plain language when filing one attorney affidavit and set of expert reports*

We agree with Bagelmania and Somerset that, under these circumstances, only one affidavit and set of expert reports were required.[1] The plain language of NRS 11.258(1) requires "*the* attorney for *the* complainant" to "file *an* affidavit." (Emphases added.) Maupin filed a single complaint on behalf of both clients, who were asserting identical claims,

---

[1]However, we reject Bagelmania and Somerset's contention that RDH, JEM, and TRE waived NRS 11.258 as a defense by waiting to raise it in an NRCP 12(c) motion. RDH, JEM, and TRE each listed noncompliance with NRS 11.258 as an affirmative defense in their answers. And NRS 11.259 does not specify when the defendant must raise noncompliance as an issue. Because the pleadings closed when the last of the respondents, JEM, filed its answer, RDH, JEM, and TRE properly moved for judgment on the pleadings less than a month after JEM filed its answer. *See* NRCP 12(c) (stating that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings").

with an affidavit of merit and set of expert reports to support those claims and theories of liability. Bagelmania and Somerset thus complied with the plain language of the statute. An attorney need not verify the merit of each complainant's claims in separate affidavits based on the complainants' distinct relationships with each design professional where the complainants (1) file a joint complaint, (2) assert identical claims arising out of the same allegedly defective design work, and (3) are represented by the same attorney. Holding otherwise would create a procedural hurdle that comports with neither the plain language of the statute nor the Legislature's intent. Hearing on S.B. 243 Before the Assemb. Judiciary Comm., 74th Leg., at 15-16 (Nev. May 14, 2007) (explaining that while NRS 11.258 was intended "to preclude people from being sucked into a lawsuit and then having to pay a nuisance value to get out," the statute is not meant "to preclude legitimate claims against design professionals" or prevent access to the courts) (statements of Mark Ferrario, American Council of Engineering Companies representative).

Nor does *Otak* support the district court's dismissal. There, the general contractor, Pacificap Construction Services (PCS), filed and served a third-party complaint against design architect Otak Nevada, alleging negligence, breach of contract, and other claims, without including the affidavit and expert report as required by NRS 11.258. *Otak*, 127 Nev. at 595-96, 260 P.3d at 409-10. Before Otak filed a responsive pleading, PCS filed an amended third-party complaint with an affidavit and expert report. *Id.* at 596, 260 P.3d. at 410. Otak moved to dismiss on the grounds that the affidavit and report were not filed before service of the complaint. *Id.* After the district court denied the motion, the other contractor defendants moved to amend their answers and assert crossclaims against Otak for indemnity

and contribution, which Otak again opposed for failure to file the attorney affidavit and expert report. *Id.* The district court granted the motion, allowing the contractors to amend their answers to assert crossclaims and rely on PCS's expert report in satisfying NRS 11.258. *Id.*

We elected to entertain Otak's petition for a writ of mandamus to clarify that an initial pleading for nonresidential construction defect claims is void ab initio if it is served without an attorney affidavit and expert report, and its deficiencies cannot be cured by amending the complaint. *Id.* at 598, 260 P.3d at 411. But as relevant here, we also determined that the district court abused its discretion in allowing the other contractors to rely on PCS's expert report because

> [e]ach party that files *a separate complaint* for nonresidential construction malpractice must file its own expert report and attorney affidavit. Requiring each party to file a separate expert report and attorney affidavit that are particularized to that party's claims is not an unreasonable requirement, as each party must justify its claims of nonresidential construction malpractice based on that party's relationship with the defendant.

*Id.* at 600, 260 P.3d at 412 (emphasis added).

Unlike the contractors in *Otak* who (1) filed individual complaints against the design architect, (2) were each represented by different counsel, and (3) asserted separate claims for indemnity and contribution based on the specific work each contractor performed, Bagelmania and Somerset filed a joint complaint represented by the same attorney, asserting identical claims arising out of the same alleged facts with respect to the construction of the Bagelmania restaurant. Thus, Bagelmania and Somerset did not need separate affidavits and expert reports to justify their claims and satisfy NRS 11.258.

*The attorney affidavit and expert reports complied with NRS 11.258's other requirements*

We also conclude that the affidavit and reports satisfied the other requirements of NRS 11.258(1)(a)-(d) and NRS 11.258(3), and we reject RDH, JEM, and TRE's arguments to the contrary. RDH, JEM, and TRE first argue that Maupin's affidavit failed to comply with NRS 11.258(1)(b)-(d)'s requirement that the "attorney" must consult with the expert and complete the necessary case review, because Maupin's affidavit states that "the Siegel Group" completed those tasks.

We disagree that the affidavit is insufficient. True, Maupin's affidavit states that "the Siegel Group," rather than Maupin specifically, "consulted with [Grill, an] acknowledged expert[ ] in construction defect issues," and that "the Siegel Group" consulted with Stremel, a licensed mechanical engineer. The affidavit similarly states that "the Siegel Group . . . reasonably believes that the experts who were consulted are knowledgeable" and "has concluded on the basis of the review and consultation with the experts that the action has a reasonable basis in law and fact." However, the affidavit also states that "[t]he Siegel Group *in its capacity as counsel* for the Plaintiffs reasonably believes that the experts who were consulted are knowledgeable in the relevant disciplines involved in the action," and Maupin signed the affidavit as an attorney with the Siegel Group. Maupin's affidavit also states that "I have reviewed the facts of the case as articulated in the Complaint attached hereto." And the expert reports are specifically addressed to Maupin, who was on site during Grill's inspection. We conclude that Maupin's affidavit substantially complied with NRS 11.258(1)'s requirements that "the attorney" consult with the relevant experts and complete the necessary review of the law and facts because Maupin was assistant general counsel with the Siegel Group, which

SUPREME COURT
OF
NEVADA

(0) 1947A

effectively represented Bagelmania and Somerset in the manner of a law firm. *Cf. Limprasert v. PAM Specialty Hosp. of Las Vegas LLC*, 140 Nev., Adv. Op. 45, 550 P.3d 825, 834-35 (2024) (holding that the district court erred in dismissing a professional negligence suit based on the plaintiff's failure to file an affidavit of merit along with the complaint because the circumstances evinced that the medical expert gave his opinion before the complaint was filed, thus substantially complying with and meeting the purpose of NRS 41A.071).

RDH, JEM, and TRE contend that substantial compliance with the affidavit-of-merit requirement was insufficient because they were prejudiced by Bagelmania's purported attempt to "camouflage its way into court" as a nonparty to the contract between RDH and Somerset, as well as contracts between RDH and its subcontractors. But this contention addresses the merits of whether Bagelmania is a third-party beneficiary under those contracts who can assert claims for an alleged breach and thus goes beyond NRS 11.258's procedural gatekeeping function of screening frivolous construction defect claims. *Cf. Baxter v. Dignity Health*, 131 Nev. 759, 763, 357 P.3d 927, 930 (2015) (observing that NRS 41A.071 "governs the threshold requirements for initial pleadings" in professional negligence cases and is "not the ultimate trial of such matters" (internal quotation marks omitted)).

We similarly reject RDH, JEM, and TRE's arguments that Grill's and Stremel's expert reports are deficient because the reports do not mention by name which of Maupin's clients the reports support or evaluate Bagelmania's and Somerset's separate relationships with RDH, JEM, and TRE. Grill's and Stremel's reports support that the claims asserted by Bagelmania and Somerset have a reasonable basis in law and fact, thus

satisfying NRS 11.258(3). Both experts concluded that there were several flaws in the design and construction of the Bagelmania restaurant, such that there was a reasonable basis for filing the action. An analysis of the legal relationships between the complainants and RDH, JEM, and TRE goes beyond the scope of the statute's substantive requirements. NRS 11.258(1) (requiring "an expert . . . knowledgeable in the relevant discipline" to conclude "that there is a reasonable basis for filing the action" after reviewing documents relevant to the allegations of negligent conduct). Bagelmania and Somerset therefore complied with the attorney-affidavit-of-merit and expert-report requirements of NRS 11.258, and the district court erred by dismissing the complaint.[2]

## CONCLUSION

We conclude that Bagelmania and Somerset complied with the affidavit-of-merit and expert-report requirements of NRS 11.258. Bagelmania and Somerset were represented by the same attorney, who filed a single complaint asserting identical claims arising out of the allegedly defective renovation of the Bagelmania restaurant. Filing one affidavit and set of expert reports under these circumstances complied with the plain language of NRS 11.258 and effectuated the statute's purpose of ensuring

---

[2]Though Bagelmania and Somerset also appeal the district court order granting partial summary judgment to TRE, we conclude that order was void and without effect, as conceded by TRE during oral argument. The district court lacked jurisdiction, as it had dismissed Bagelmania and Somerset's complaint before it ruled on TRE's motion for summary judgment. *SFPP, L.P. v. Second Jud. Dist. Ct.*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007) (holding that once a district court enters final judgment, the district court lacks jurisdiction to reopen the case absent a proper and timely motion under the Nevada Rules of Civil Procedure). Therefore, we vacate the summary judgment order.

that nonresidential construction defect claims have merit before a complaint is filed. Moreover, Maupin's affidavit of merit satisfied the requirements of NRS 11.258 by demonstrating that Maupin reviewed the facts of the case, consulted with experts knowledgeable in the relevant disciplines, and concluded that the lawsuit had a reasonable basis in law and fact. The experts included the information required by NRS 11.258(3) in their reports and were not required to address Bagelmania's standing or the parties' legal theories of recovery. The district court therefore erred by dismissing the complaint based on an erroneous interpretation of NRS 11.258.[3] Accordingly, we reverse the district court order dismissing Bagelmania and Somerset's complaint and remand for proceedings consistent with this opinion.[4]

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Lee

---

[3]We have considered respondents' remaining arguments and conclude those arguments need not be addressed given our resolution of this case.

[4]In light of this opinion, we vacate the award of fees, costs, and interest on appeal in Docket No. 87901.